**CME GROUP, LTD., Plaintiff,**

**v.**

**Benton GRANT, et al., Defendants.**

**Civ. No. 3:95CV825 (PCD).**

United States District Court,
D. Connecticut.

March 4, 1996.

Janet C. Hall, Christopher John Hug, Robinson & Cole, Hartford, CT, for plaintiff.

Robert A. Slavitt, Slavitt, Connery & Vardamis, Norwalk, CT, for defendants.

### RULING ON MOTION FOR LEAVE TO AMEND ANSWER

DORSEY, Chief Judge.

Defendants move for leave to amend their answer. Fed.R.Civ.P. 15(a). Plaintiff objects that the amendment does not state a legally sufficient claim or defense.

### I. *Background Facts*

Plaintiff seeks foreclosure of four mortgages on two properties. The mortgages and debt were obtained by plaintiff's predecessor-in-interest CME Associates, Inc. from the FDIC, receiver for the Fairfield County Trust Company ("FCTC"), which acquired the assets of the Bank of Stamford, the original holder of the mortgages.

Defendants allege that they have recently discovered that James S. Doggett ("Doggett"), previously a director of CME Associates was discharged of certain FDIC debts. Defendants seek to amend their complaint to allege this recently discovered fact and interpose a special defense based on this fact.

### II. *Discussion*

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, amendment should not be permitted if the defense is legally insufficient. *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990). "If there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim or defense, as the case may be, leave should be denied." 3 *Moore's Federal Practice* ¶ 15.08[4], at 15–83 (2d ed. 1995).

12 U.S.C. § 1821(p) prohibits the sale of assets of a failed institution by the FDIC to certain persons who engaged in improper conduct with, or caused losses to, the failed institution. Defendants allege that the fact that Doggett was in default of loans or extension of credits which resulted in losses to the FDIC or FSLIC Resolution Fund or Resolution Trust Corporation put CME Associates in violation of 12 U.S.C. § 1821(p). Therefore, they claim, this alleged material misrepresentation makes the assignment of the notes and mortgages from the FDIC to CME Associates void and prevents plaintiff from taking title to those instruments.

Plaintiff argues that the proposed amendment does not constitute a legally sufficient

**150**

defense. Assuming defendants are allowed to assert a defense under § 1821(p),[1] the allegations in the answer, even if proven, fail to state a defense under 12 U.S.C. § 1821(p). 12 U.S.C. § 1821(p)(1) provides that the FDIC shall prescribe regulations prohibiting the sale of assets of a failed institution to certain persons. 12 U.S.C. § 1821(p)(1)(A)(i) prohibits the sale of assets to any person who "has defaulted, or was a member of a partnership or an officer or director of a corporation that has defaulted, on 1 or more obligations ... to such failed institution...." Defendants admit in the proposed amended answer that the purported assignment was made to CME Associates, not Doggett. (Def.'s Proposed Am. Answer at ¶¶ 10 and 26.) In addition, the proposed amended answer alleges that Doggett was indebted to the FDIC and the Resolution Trust Corporation, not FCTC, the failed institution for whom the FDIC had been appointed receiver. (Id. at ¶ 4.) Therefore, the proposed amended answer fails to state a defense under § 1821(p)(1)(A).

■ 12 U.S.C. § 1821(p)(1)(B) prohibits the sale of assets to "any person who has participated, as an officer or director of such failed institution or of any affiliate of such institution, in a material way in transactions that resulted in a substantial loss to such failed institution." Defendants allege only that Doggett was an officer or director of CME Associates, not FCTC. (Id., Special Defense at ¶ 3.) Additionally, as noted above, they allege only that Doggett was indebted to the FDIC and the Resolution Trust Corporation, not the FCTC. Accordingly, the proposed amended answer fails to state a defense under § 1821(p)(1)(B).[2]

■ 12 U.S.C. § 1821(p)(1)(D) prohibits the sale of assets to "any person who has

demonstrated a pattern or practice of defalcation regarding obligations to such failed institution." Defendants do not allege that Doggett was indebted to the FCTC. Therefore, the proposed amended answer fails to state a defense under § 1821(p)(1)(D).

Consequently, since defendants' proposed amended answer fails to state a legally sufficient claim under any of the subsections of 12 U.S.C. § 1821(p), leave to amend answer shall not be granted.

**II.  Conclusion**

Accordingly, defendant's motion for leave to amend answer (doc. 18) is denied.

SO ORDERED.

■

---

1. Plaintiff contends that if indeed plaintiff did violate § 1821(p), that defense can only be asserted by the FDIC, and not by defendants. That argument need not be addressed here, as it is determined that defendants do not state a legally sufficient defense. However, it is noted that a Massachusetts district court has assumed that a defense under § 1821(p) belongs to the FDIC. See, e.g., CME Associates v. Ford, et al., No. 93–12792, slip op. at 9 (D.Mass. Sept. 18, 1995) (defendant unable to assert defense under

§ 1821(p) on behalf of FDIC against CME Associates).

2. 12 U.S.C. § 1821(p)(1)(C) prohibits the sale of assets to "any person who has been removed from, or prohibited from participating in the affairs of, such failed institution pursuant to any final enforcement action by an appropriate Federal bank agency." No such allegation has been made in the proposed amended answer, and it is thus not addressed.